Mr. Justice Morris
delivered the opinion of the Court:
There are thirteen assignments of error, but the questions involved in them may be reduced to three:
1. Whether the court below was right in admitting in' evidence the exhibits and othe'r papers culled from the transcript transmitted from the Treasury Department.
2. Whether it was right in excluding Ewing’s testimony on the ground that it tended merely to establish a claim on his part for credit.
3. Whether the court was right in directing the allowance of interest from the date of the institution of the suit. 1st. As to the admission in evidence of the papers from *357 the Treasury Department We fail to see how these papers are admissible upon any rational theory of the law of evidence. The transcript, as a whole, having been ruled out by the court — and with the propriety of that ruling we have nothing to do here — the exhibits were offered severally. These papers stood alone. They did not purport to be transcripts of or from anything in the Treasury Department. They were not certified by any one. The first of them, designated as “ Exhibit A,” purported to be “ Balances on account of James M. Ewing, late Disbursing Clerk, Department of Justice, as shown by the Book of the Register of the Treasury, this date.” It contained, in order not very clear and specifications not very intelligible, some items of debit and credit, that apparently leave a balance due from Ewing to the United States amounting to $9,303.70. And appended to it is the following: “First Comptroller’s Office-, September 1, 1888. The foregoing statement has been examined at this office and found correct. M. J. Durham, Comptroller. By J. R. Garrison, Deputy Comptroller.” This is all there is of it. The other four exhibits are substantially in the same form, and the succeeding papers that were admitted do not greatly differ in form from the five principal exhibits.
Now it is very plain that these papers are not proper evidence for any purpose. The rules of evidence in suits between the United States and individuals are in general the same as in suits between individuals. When the United States become suitors, either in their own or other courts, there is no law for them different from the law that governs other judicial proceedings. But for obvious reasons the legislative power has deemed it proper that in suits by the United States against persons accountable for public money,' copies or transcripts might be substituted in the first instance for original papers, documents and books of account; and to that extent the law of evidence has been modified in those cases.
Section 886 of the Revised Statutes provides as follows:
*358 “ When suit is brought in any case of delinquency of a revenue officer, or other person accountable for public money, a transcript from the books and proceedings of the Treasury Department, certified by the Register, and authenticated under the seal of the department, or when the suit involves the accounts of the War or Navy Departments, certified by the auditors respectively charged with the examination of those accounts, and authenticated under the seal of the Treasury Department, shall be admitted as evidence, and the court trying the cause shall be authorized to grant judgment and award execution accordingly. And all copies of bonds, contracts or other papers relating to or connected with the settlement of any account between the United States and an individual, when certified by the Register or such Auditor, as the case may be, to be true copies of the originals on file, and authenticated under the seal of the department, may be annexed to such transcripts, and shall have equal validity, and be entitled to the same degree of credit which would be due to the original papers if produced and authenticated in court.”
The exhibits and papers that were offered in evidence in this case were not certified by the Register, and were not authenticated by the seal of the Treasury Department; and, * therefore, they were not entitled to be admitted. Neither, for a similar reason, are they admissible under Section 882 of the Revised Statutes, which provides that “ Copies of any books, records, papers or documents in any of the executive departments, authenticated under the seals of such departments, respectively, shall be admitted in evidence equally with the originals thereof.” These exhibits do not purport to be copies of anything; nor are they authenticated by the seal of any department.
If authority be needed in support of the plain provision of the statutes, we need only refer to the case of the U. S. v. Pinson, 102 U. S., 548, where, in accordance with numerous precedents, it is held that even a paper purporting to be a full transcript is not admissible in evidence, unless it is prop *359 erly authenticated. It is believed that no warrant can be found in any of the authorities for culling excerpts from a rejected transcript and putting them in evidence without authentication of any kind; and we cannot sanction any such mode of making up a transcript in court and using the combination as a substitute for the transcript authorized by law.
Some criticism was made of the mode of stating the accounts in the Treasury in this case. As was remarked by Mr. Justice Hunt, speaking for the Supreme Court in the case of the U. S. v. Gaussen, 19 Wall., 198, the courts are not authorized to regulate the manner in which the departments shall keep their books, or to prescribe the minuteness of the detail in which their statements and transcripts should be presented. Yet it is not assuredly too much to require that, when these transcripts are presented in court for the consideration of a jury, they should present such a plain statement of debits and credits as could be comprehended without difficulty by any person of ordinary intelligence. There is no'good reason why the accounts of the United States with an individual should be unreasonably complicated beyond the accounts of private individuals with each other. The law does not require that these transcripts should be full and complete copies of all the accounts of the parties with the department. There is all the more reason, therefore, why they should be put in simple and intelligible shape, within reach of the common understanding. These remarks are directed as much to the future proceedings in this case as to the record now before us. For in the view which we take of the case, it is unnecessary for us to examine more minutely into the character of the papers offered in evidence in order to determine whether they are such transcripts as the law authorizes to be introduced. Being of the opinion that they have not been properly authenticated, and are therefore inadmissible in evidence, and inasmuch as without them the cause of the plaintiffs would necessarily fail for want of evidence, we must hold that there *360 was fatal error in the ruling of the court below in regard to them. Its judgment, therefore, must be reversed, and the cause remanded for a new trial.
2. In view of our decision of the first question, it seems to be unnecessary to pass upon the other questions involved. As there may be merit in the defense set up, the defendant Ewing will have an opportunity, before a new trial of the case is had, to bring himself within the provisions of the act of 1797 and of Section 951 of the Revised Statutes, by presenting his claim to the accounting officer of the Treasury, and thereby obviating the formal objection to its admissibility.
3. As to the allowance of interest which was made by the court below, while it is possible that this question may not arise on a new trial, inasmuch as we are not to anticipate that the verdict and judgment upon such new trial will be for the plaintiffs, it is not improper to suggest that an amendment of the declaration is expedient, so that the claim of interest should be made in it as a basis for the allowance of such interest in the verdict and judgment, if the plaintiffs should be found entitled to recover.
In accordance with the views which we have here expressed, the judgment of the court below is reversed; and the cause is remanded to that court with directions to set aside the verdict and to award a new trial.